IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FUJIAN MINGTA TOYS CO. LTD.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**<br><br>*Defendants*. | Civil Action No. 1:24-cv-5625<br><br>JURY DEMAND |

## COMPLAINT

Plaintiff Fujian Mingta Toys Co. Ltd. ("Mingta" or "Plaintiff") hereby brings this action against the Partnerships and Unincorporated Associations identified in Schedule A (collectively, "Defendants") for design patent and copyright infringement and alleges as follows:

### INTRODUCTION

1. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed products, namely the Magnetic Maze Toys, shown in Exhibits 1-1 to 1-5 ("Infringing Products"), that infringe Plaintiff's patented design and registered copyright. The Defendants create the Defendant Internet Stores and design them to appear to be selling genuine products, while actually selling Infringing Products to unknowing consumers. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of its patented designs and copyright rights, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged

from the loss of its lawful intellectual property rights in the design patent and copyright as a result of Defendants' actions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. § 1 *et seq.*, 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1338, and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products featuring Plaintiff's patented designs. *See* Exhibit 2. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

4. Joinder in this matter is proper under 35 U.S.C. § 299(a) as the Defendants are all offering for sale the same or substantially similar infringing products and this case will involve common questions of fact to all Defendants. Furthermore, Defendant Internet Stores share unique identifiers, such as using the same or substantially similar product images, same advertising, design elements and similarities of the infringing products offered for sale, establishing a logical

relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

## THE PARTIES

### Plaintiff Mingta

5. Plaintiff Fujian Mingta Toys Co. Ltd. is a Chinese business entity with a principal place of business in Fujian, China. Plaintiff is the owner by assignment of the attached United States Design Patent ("Patent"). *See* Exhibit 3.

6. Plaintiff is also the copyright claimant and owner of the attached United States Copyright Registration ("Copyright"). *See* Exhibit 4.

7. Plaintiff sells products that practice the Patent and Copyright via its Amazon e-commerce store. Plaintiff has established its products as the first to market and has an established a good reputation and quality reviews.

8. Plaintiff has not granted a license or any other form of permission to Defendants with respect to the Patent and the Copyright.

### The Defendants

9. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China. Defendants conduct business throughout the United States, including within the State of Illinois and this District, through the operation of the fully interactive, e-commerce marketplaces, such as Amazon, under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, ready to ship, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois.

10. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import

into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patent and to violate Plaintiff's exclusive rights in the Copyright in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same Infringing Product with minor variations as well as similar if not identical product images and descriptions as shown in Exhibits 1-1 to 1-5, suggesting that the Infringing Products were manufactured by and come from a common source. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

11. Plaintiff has not licensed or authorized Defendants to use the Patent or the Copyright, and the Defendants are not authorized retailers of Plaintiff's products.

12. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

13. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features beyond selling the same infringing products, including the same product images, lack of reliable contact information, and the use of the same or substantially similar text,

images, product descriptions, some even including content copied from Plaintiff's original product listings.

14. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by United States Customs and Border Protection.

15. Further, infringers such as Defendants typically operate multiple credit card merchant accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their online marketplace accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of transaction histories from previous similar cases indicates that offshore infringers regularly move funds from United States based accounts to China-based bank accounts outside the jurisdiction of this Court.

16. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Patent or the Copyright, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

17. Defendants' infringement of the Patent in the offering to sell, selling, or importing of the Infringing Products was willful. Similarly, Defendants' infringement of the Copyright in the intrusion upon the exclusive rights in the Copyright was willful.

18. Defendants' infringement of the Patent or the Copyright is irreparably harming Plaintiff.

## COUNT I - DESIGN PATENT INFRINGEMENT

19. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

20. Defendants manufacture, offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe either directly and/or indirectly the ornamental design claimed in the Patent.

21. Defendants have infringed the Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff will further suffer irreparable harm due to loss of goodwill and reputation, loss of market share, and price erosion. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

22. Unless a preliminary and permanent injunction is issued enjoining Defendants from infringing the Patent, Plaintiff will continue to be irreparably harmed.

23. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT II - COPYRIGHT INFRINGEMENT

24. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

25. Plaintiff owns all exclusive rights in the Copyright as provided by 17 U.S.C. § 106, including, without limitation, the rights to reproduce copies, to prepare derivative works, and to distribute copies to the public by sale or other transfer of ownership, or by rental, lease, or lending.

26. Defendants have violated these exclusive rights by reproducing and distributing copies of the Copyright to the public by sale and/or by preparing derivate works based upon the Copyright. For example, Defendants are reproducing, selling, offering to sell, marketing, distributing, and advertising copies and/or derivate works of the Copyright without Plaintiff's permission through and on their respective e-commerce storefronts.

27. Defendants had access to Plaintiff's Copyright as Plaintiff published the Copyright on its Amazon store before Defendants created their Defendant Internet Stores. Upon information and belief, Defendants have directly copied Plaintiff's Copyright when creating the Infringing Products themselves.

28. Plaintiff has seen significant declines in the sales of its actual products which corresponds with the increased proliferation of cheap knockoffs that have flooded the market. Further, consumers have often been misled into believing that they were buying Plaintiff authorized products only to discover that, in fact, they were receiving inferior imitations.

29. Defendants have infringed the Copyright through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its exclusive rights in the Copyright.

30. On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of the Copyright. Each Defendant continues to infringe upon Plaintiff's exclusive rights in and to the Copyright.

31. As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

32. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement. Alternatively, Plaintiff may elect to choose statutory damages.

33. Plaintiff is further entitled to injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing works and for an order under 17 U.S.C. § 503 that any of Defendants' infringing products be impounded and destroyed.

34. Plaintiff seeks and is entitled to recover reasonable attorneys' fees and costs of this suit pursuant to 17 U.S.C. § 505.

35. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known work.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.    offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patent or the Copyright;

    b.    aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the design claimed in the Patent or the Copyright;

    c.    manufacturing, shipping, delivering, hold for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's design claimed in the Patent and the Copyright or any reproductions, counterfeit copies or colorable imitations thereof; and

    d.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Alibaba, Amazon, Temu.com, and Walmart.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patent or the Copyright;

    b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patent or the Copyright; and

    c.    take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patent and/or the Copyright, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the Patent and/or the Copyright;

4) That Plaintiff be awarded from Defendants, as a result of Defendants' use and infringement of the Patent, three times Plaintiff's therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable by jury.

| | |
|---|---|
| DATED: July 3, 2024 | Respectfully submitted,<br><br>By: */s/ Nicholas Najera*<br>Nicholas Najera<br>Texas Bar No. 24127049<br>nnajera@nilawfirm.com<br><br>**NI, WANG & MASSAND, PLLC**<br>8140 Walnut Hill Ln., Ste. 615<br>Dallas, TX 75231<br>Tel: (972) 331-4600<br>Fax: (972) 314-0900<br><br>*Counsel for Plaintiff* |