UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1
Eastern Division

Fujian Mingta Toys Co. Ltd.

                                                    Plaintiff,

v.                                                     Case No.: 1:24−cv−05625

                                                     Honorable John Robert Blakey

Partnerships and Unincorporated Associations Identified in Schedule A, The

                                                   Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, July 9, 2024:

      MINUTE entry before the Honorable John Robert Blakey: In this case, Plaintiff sues Plaintiff sues 125 separate defendants for patent and copyright infringement, [1]. Plaintiff asserts a design patent claiming the ornamental design for a toy and a copyright for a "magnet counting maze." [2−8], [2−9]. Under 35 U.S.C. § 299, "parties that are accused infringers may be joined in one action as defendants... only if−− (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action. Id. § 299(a). The statute specifically provides that "accused infringers may not be joined in one action as defendants... based solely on allegations that they each have infringed the patent or patents in suit." Id. § 299(b). Moreover, joinder of multiple defendants in a single copyright infringement action remains appropriate only if the claims against the defendants are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and a common question of law or fact exists as to all defendants. Fed. R. Civ. P. 20(a)(2)(A)−(B). Here, Plaintiff alleges that Defendants "are all offering for sale the same or substantially similar infringing products and this case will involve common questions of fact to all Defendants. Furthermore, Defendant Internet Stores share unique identifiers, such as using the same or substantially similar product images, same advertising, design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them, and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences." [1] 4. Plaintiff further alleges that "Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patent and to violate Plaintiff's exclusive rights in the Copyright in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the

same Infringing Product with minor variations as well as similar if not identical product images and descriptions as shown in Exhibits 1–1 to 1–5, suggesting that the Infringing Products were manufactured by and come from a common source." Id. 10. The screenshot evidence attached to the complaint supports these allegations. As a result, the Court finds that Plaintiff's allegations satisfy the "series of transactions or occurrences" requirement of section 299(a)(1), as well as Fed. R. Civ. P. 20(a)(2); Plaintiff may proceed against the identified Defendants in this single action. The Court grants Plaintiff's motions to seal [3], [6], and strikes the 7/10/24 Notice of Motion date. The Court takes under advisement Plaintiff's motion for temporary restraining order [4]; if Plaintiff wants the Court to resolve the motion, it must submit a proposed order, as provided in the Court's standing orders. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.