IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FUJIAN MINGTA TOYS CO. LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> *Defendants*. | Civil Action No. 1:24-cv-05625 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT**

Plaintiff Fujian Mingta Toys Co. Ltd. ("Plaintiff") files this response to Defendants Zhejiangaoguangwanjuyouxianzerengongsi dba TOPBRIGHT and Ningbo Sun Top Trade Co. Ltd. dba SuntopDirect (collectively, "Defendants") motion to enforce settlement and recover fees ("Motion").

**I. INTRODUCTION**

The Motion is now effectively moot as Plaintiff has agreed to abide by the settlement agreements with Defendants. Therefore, the factual underpinning of the Motion is no more. Further, an award of attorney's fees as a sanction is unwarranted here.

**II. FACTUAL BACKGROUND**

Plaintiff filed this infringement action on July 3, 2024. Dkt. No. 1. On or around December 20, 2024, Plaintiff, through counsel, engaged in settlement discussions with Defendants. On or around January 13, 2025, apparent settlement agreements were reached. However, when the final settlement agreements were sent to Plaintiff for execution, Plaintiff rejected the agreements agreed to by counsel. Defendant then filed the present Motion. On February 14, 2025, counsel for Plaintiff

1

notified counsel for Defendant that Plaintiff intended to abide by and execute the original settlement agreements. Plaintiff has since signed the settlement agreements and is prepared to fulfill its obligations under the agreements.

### III. ARGUMENT

#### A. The Motion is Moot and Should be Denied

The Motion called for the enforcement of the settlement agreements with Defendants. Plaintiff has since agreed to abide by the settlement agreements. Plaintiff has signed the original settlement agreements and is prepared to go forward with its obligations under the agreements. As such, the factual underpinnings of the Motion are no more, and the Motion is effectively moot. The Motion should therefore be denied.

#### B. Attorney Fees are Not Warranted

Defendants only theory in support of the award of fees is the Court's inherent authority to do so as a sanction. Dkt. No. 40 at 6. "Sanctions imposed pursuant to the district court's inherent power are appropriate where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012). This inherent authority, however, "'is not a grant of authority to do good, rectify shortcomings of the common law... or undermine the American rule on the award of attorneys' fees to the prevailing party in the absence of a statute.'" *Id*. at 662 (quoting *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 391 (7th Cir. 2002)). Moreover, according to the Supreme Court, inherent powers must be exercised with restraint and discretion. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991).

Here, an award of fees under the Court's inherent authority to impose sanctions is not warranted. There has been no "litigation misconduct" as Plaintiff has not "delay[ed] or disrupt[ed]

the litigation or hamper[ed] enforcement of a court order." Dkt. No. 40 at 6. Nor have there been "disingenuous tactics" on the part of Plaintiff or Plaintiff's counsel. *Id*. Any allegations of bad faith conduct are hollow. The nonbinding caselaw cited by Defendants are distinguishable at least because here Plaintiff has since agreed to abide by the original settlement agreements. Defendants brief reference to 28 USCS § 1927 further carries little to no weight and Defendant offers no arguments in support. Nor have Defendants even identified the amount of attorney's fees sought, rendering Plaintiff unable to argue the reasonableness of such fees. For these reasons an award of fees is not warranted. *See Sweeney v. Cornelison*, No. 1:21-cv-00949-RLY-MG, 2022 U.S. Dist. LEXIS 237567 (S.D. Ind. 2022) (denying motion to enforce settlement agreement as moot and denying fees as a sanction); *Trs. of the Chi. Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, No. 19-cv-2965, 2024 U.S. Dist. LEXIS 225897 (N.D. Ill. 2024) (denying motion for fees based on delay in memorializing settlement agreement).

DATED: February 18, 2025

Respectfully submitted,

By: */s/ Nicholas Najera*
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 352-2220
Fax: (972) 314-0900

*Counsel for Plaintiff*

3