IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FUJIAN MINGTA TOYS CO. LTD., *Plaintiff*, v. THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", *Defendants*. | Civil Action No. 1:24-cv-05625 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT**

In support of Plaintiff Fujian Mingta Toys Co. Ltd.'s motion for entry of a default judgment against the Defaulting Defendants, as defined herein, Plaintiff respectfully submits this memorandum in support of the motion.

## I. INTRODUCTION

Despite proper service of process, the Defaulting Defendants identified on Second Amended Schedule A, attached hereto, ("Defaulting Defendants") have failed to timely plead or otherwise defend this action. Therefore, pursuant to Rule 55, the entry of a default judgment is now warranted thereby granting Plaintiff the affirmative relief sought.

## II. FACTUAL ALLEGATIONS

Plaintiff is the claimant and owner of all rights, title, and interest in United States Copyright Registration No. VAu 1-518-364 ("Copyright"). Dkt. No. 2-9. The Copyright is a registration for a photograph generally depicting a toy maze. *Id.* Plaintiff has not granted a license or any other form of permission to the Defaulting Defendants with respect to the Copyright. Dkt. No. 1 at ¶ 8.

As alleged in the Complaint, the Defaulting Defendants own and/or operate various e-commerce storefronts which reproduce and distribute copies of the Copyright to the public by sale and/or prepare derivate works based upon the Copyright. Dkt. No. 1 at ¶ 1. Defaulting Defendants are individuals and business entities who reside in the People's Republic of China. *Id.* at ¶ 9. Each Defaulting Defendant targets the United States, including Illinois, and has offered to sell, ready to ship, and, has actually sold and continues to sell infringing works to consumers within the United States, including the State of Illinois. *Id.* Printouts of the Defaulting Defendants' e-commerce storefronts demonstrate the unauthorized reproduction and distribution of the Copyright. *See* Dkt. Nos. 2-2 to 2-6.

Plaintiff owns all exclusive rights in the Copyright as provided by 17 U.S.C. § 106, including, without limitation, the rights to reproduce copies, to prepare derivative works, and to distribute copies to the public by sale or other transfer of ownership, or by rental, lease, or lending. Dkt. No. 1 at ¶ 25. Defendants have violated these exclusive rights by reproducing and distributing copies of the Copyright to the public by sale and/or by preparing derivate works based upon the Copyright. *Id.* at ¶ 26. For example, Defendants are reproducing, selling, offering to sell, marketing, distributing, and advertising copies and/or derivate works of the Copyright without Plaintiff's permission through and on their respective e-commerce storefronts. *Id.* Defendants had access to Plaintiff's Copyright as Plaintiff published the Copyright on its Amazon store before Defendants created their Defendant Internet Stores. *Id.* at ¶ 27. Plaintiff has seen significant declines in the sales of its actual products which corresponds with the increased proliferation of cheap knockoffs that have flooded the market. *Id.* at ¶ 28. Further, consumers have often been misled into believing that they were buying Plaintiff authorized products only to discover that, in fact, they were receiving inferior imitations. *Id.*

**III.     PROCEDURAL HISTORY**

Plaintiff brought this action on July 3, 2024, seeking affirmative relief for copyright infringement. Dkt No. 1. The summons was issued as to Defendants on December 27, 2024. Defendants were served with process on December 27, 2024. Dkt. No. 19. As such, Defendants' answer date was January 17, 2025. Defendants have failed to timely plead or otherwise defend this action. On March 7, 2025, pursuant to Rule 55(a), Plaintiff requested that the Clerk of this Court enter default against the Defaulting Defendants. Dkt. No. 63.

**IV.     LEGAL STANDARD**

Federal Rule of Civil Procedure 55 "sets forth a two-step process for a party seeking default judgment." *NCAA v. Kizzang LLC*, 304 F. Supp. 3d 800, 804 (S.D. Ind. 2018) (citing *McCarthy v. Fuller*, 2009 U.S. Dist. LEXIS 100920, 2009 WL 3617740, *1 (S.D. Ind. 2009), *Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004)). "First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Second, after obtaining that entry, the plaintiff may seek an entry of default judgment." *NCAA*, 304 F. Supp. 3d at 805.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that Defendants are liable to Plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When a court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendant is liable as a matter of law as to each cause of action alleged in the complaint." Fed. R. Civ. P. 8(b)(6); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994)).

## V.     ARGUMENT

### A.     Entry of a Default is Proper

Pursuant to Fed. R. Civ. P. 55(a), Plaintiff properly requested the Clerk of this Court to enter a default against the Defaulting Defendants. Dkt. No. 63.

### B.     Entry of a Default Judgment is Proper

*i.     Defaulting Defendants are liable for copyright infringement.*

The Complaint alleges sufficient factual allegations to establish the necessary elements of a copyright infringement claim under 17 U.S.C § 501. For example, Plaintiff has sufficiently shown that: (1) this Court has original subject matter jurisdiction over the copyright claim pursuant to 28 U.S.C. § 1338; (2) Defaulting Defendants are subject to this Court's exercise of personal jurisdiction over them since each Defaulting Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating identified in Schedule A; (3) venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3), as Defendants are foreign entities residing in China and have committed acts of copyright infringement in this judicial district and do substantial business in this judicial district; (4) Plaintiff is the claimant and owner of all rights, title and interest in the Copyright including all exclusive rights in the Copyright as provided by 17 U.S.C. § 106; (5) Defaulting Defendants own and/or operate various e-commerce storefronts which violated these exclusive rights by reproducing and/or distributing copies of the Copyright to the public by sale and/or by preparing derivate works based upon the Copyright; (6) Defendants had access to Plaintiff's Copyright as Plaintiff published the Copyright on its Amazon store before Defendants created their Defendant Internet Stores; and (7) Plaintiff has seen significant declines in the sales of its actual products which corresponds with the increased proliferation of cheap knockoffs that have flooded the

market. These allegations of the Complaint must now be taken as true. Fed. R. Civ. P. 8(b)(6). Therefore, Defaulting Defendants are liable for copyright infringement.

> ## ii. *Plaintiff is entitled to a permanent injunction.*

The Copyright Act specifically authorizes courts to grant final injunctions to prevent the violation of copyrights: "Any court having jurisdiction of a civil action arising under this title may... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Here, Plaintiff seeks a permanent injunction against Defaulting Defendants thereby permanently enjoining and restraining them from further infringing the Copyright by reproducing copies, preparing derivative works, and/or distributing copies by sale of the Copyright. In its motions for a temporary restraining order and preliminary injunction, Plaintiff has repeatedly demonstrated to this Court the appropriateness of such injunctive relief. Such relief should now be converted to a permanent injunction. Failure to grant the permanent injunction sought by Plaintiff would expose it to further infringement of the Copyright by Defaulting Defendants. Therefore, the Court should issue the requested permanent injunction under 17 U.S.C. § 502.

> ### iii. *Plaintiff is entitled to an award of statutory damages.*

The Copyright Act allows a plaintiff to elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. 17 U.S.C. § 504(c). Courts commonly find statutory damages appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed.

*See Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874 (S.D. Ohio 2007); *Chanel, Inc. v. French*, No. 05-61838, 2006 U.S. Dist. LEXIS 93297, 2006 WL 3826780, \*2 (S.D. Fla. Dec. 22, 2006); *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004); *Tiffany Inc. v. Luban*, 282 F. Supp. 2d 123, 123 (S.D.N.Y. 2003); *Philip Morris USA, Inc. v. Castworld Prods.*, Inc., 219 F.R.D. 494 (C.D. Cal. 2003); *Sara Lee Corp. v. Bags of New York*, 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999).

Addressing 17 U.S.C. § 504(c) in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991), the Seventh Circuit held that a court awarding statutory damages is "not required to follow any rigid formula but instead enjoys wide discretion." An award of statutory damages serves dual interests in that it is remedial in nature but also intended to protect an important public interest. *Sands, Taylor & Wood v. The Quaker Oats Co.*, 34 F.3d 1340, 1348 (7th Cir. 1994). As such, the remedy imposed under statute must provide sufficient deterrent effect to ensure that the guilty party will not engage in further infringing conduct. *Id.*

Here, Plaintiff elects to recover statutory damages for the infringement of the Copyright and respectfully requests an award up to the maximum amount authorized by 35 U.S.C. § 504(c), *i.e.*, $30,000 per Defaulting Defendant. Such an award is warranted given the flagrant reproduction of the Copyright utilized to syphon customers away from Plaintiff. Such an award would further provide a sufficient deterrent effect to ensure that the Defaulting Defendants will not engage in further infringing conduct.

        *iv.     Plaintiff is entitled to the destruction of infringing materials.*

The Copyright Act further provides that as part of a final judgment or decree, a court may order the destruction or other reasonable disposition of all copies found to have been made or used in violation of the copyright owner's exclusive rights. 35 U.S.C. § 503(b). Here, Plaintiff requests

that all copies of the Copyright used in connection with the unauthorized reproduction and distribution of the Copyright through and on the Defaulting Defendants' e-commerce storefronts be destroyed or otherwise disposed of.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a default and a default judgment against the Defaulting Defendants including a permanent injunction, an award of statutory damages, and the destruction of the infringing materials.

| | |
|---|---|
| DATED: March 14, 2025 | Respectfully submitted, |
| | By: */s/ Nicholas Najera* |

Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 325-2220
Fax: (972) 314-0900

David Randolph Bennett
Direction IP Law
P.O. Box 14184
2620 N. Burling St.
Chicago, IL 60614
(312) 291-1667
dbennett@directionip.com

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2025, I served the foregoing document on the Defendants via email. Counsel of record was also served with a copy via the ECF filing system. I further served the foregoing on all Defendants via electronic mail.

*/s/ Nicholas Najera*
Nicholas Najera